. McCully *v.* Peel.

---

FRANCIS K. McCULLY et al. exrs. &c.,

*v.*

ELIZABETH PEEL.

A testator, by his will, which was made in October, 1885, declared that $4,000 of Paterson bonds "nearing maturity," belonged to his wife. Of these bonds, $3,500 became due and were paid in December, 1885, and with the proceeds thereof the testator bought other bonds, which were found, with the remaining unmatured Paterson bond, among his assets, after his death in November, 1886. On a bill by his executors praying directions in the matter, and for an answer under oath, his wife so answered, and claimed, as her sepa-

rate property, the new bonds, so far as they represented the old ones, besides the bond not yet due, and also the balance of the proceeds in cash derived from the sale of the old bonds. The cause was heard on bill and answer.— *Held*, that the answer must be taken as true, and that the wife was entitled to recover.

Bill for relief. On final hearing on bill and answer.

*Mr. J. W. Griggs*, for complainants.

*Mr. G. A. Hobart*, for defendant.

THE CHANCELLOR.

The bill states that James Peel, the complainants' testator, who died November 5th, 1886, by his will, dated October 21st, 1885, declared as follows:

"The $4,000 of Paterson city seven per cent. bonds, nearing maturity, now in my possession, belong to my wife, Elizabeth Peel."

That at the date of the will he had in his possession eight bonds, given by the municipal authorities of the city of Paterson, each for $500, and bearing interest at the rate of seven per centum per annum; that seven of those bonds became due on the 1st of December, 1885; that he, on or about that day, received the money ($3,500) therefor, and that the other bond (which is No. 135 of its series) will not be due until June, 1889. That bond (No. 135) remained in his hands up to the time of his death. The bill further states that he deposited the $3,500 in the First National Bank of Paterson, mingling the money with his own funds, and that with his funds deposited in that bank he subsequently bought seven $500 bonds and three $1,000 bonds of the Passaic Water Company, all of which, with the before-mentioned bond, No. 135, the complainants found among his assets; that his wife, Elizabeth Peel, survived him, and has demanded all of those bonds from the complainants, she alleging that the water bonds were bought by the testator with the proceeds of the before-mentioned seven city bonds. The bill asks instructions

as to the duty of the complainants in the premises, whether they should deliver over to her the remaining city bond and the water bonds, or only the former, paying to her the cash for the proceeds of the other city bonds. There is no statement or suggestion that the estate is not solvent. The bill prays an answer upon oath, and the defendant has answered accordingly.

The cause having been brought to a hearing upon bill and answer, the answer must be taken to be true " in all points." The defendant alleges that the testator received, on December 5th, 1885, for principal and interest of the seven city bonds, which matured about that time, and interest upon the other city bond, $3,657.50, and that with $2,276.63 of that money he, with her knowledge and consent, and as trustee for her, bought the three $1,000 water company bonds before mentioned, and retained the balance, $1,380.87, in his hands. Under the facts established by the pleadings, it must be decreed that the three bonds last mentioned are her property, held in trust for her by him, and that she is entitled to receive from the complainants those bonds and the remaining city bond and the before-mentioned balance of money, with lawful interest thereon from the 21st of December, 1885, when, it would seem, he could have invested that balance for the defendant. That is the date at which he purchased the water company bonds in question.